UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul R. Vanderlinden,

Petitioner,

v.

B. Eishen, Warden, FPC Duluth,

Respondent.

Case No. 23-cv-0250 (JWB/DLM)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Paul R. Vanderlinden's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends that Mr. Vanderlinden's Petition be denied as moot and this action be dismissed without prejudice.

## BACKGROUND

In his Petition, Mr. Vanderlinden claims that the Federal Bureau of Prisons ("BOP") is incorrectly calculating his projected release date by failing to properly apply his earned First Step Act time credits ("FTCs"). (*Id.*) On February 22, 2023, Respondent B. Eishen, the Warden of the Federal Prison Camp located in Duluth, Minnesota ("FPC Duluth") filed a Response to Mr. Vanderlinden's Petition arguing that the Court should dismiss the Petition as moot because the BOP has properly applied Mr. Vanderlinden's earned FTCs and changed his release date accordingly from May 1, 2023 to April 1, 2023. (Doc. 7.) On

March 20, 2023, Mr. Vanderlinden filed a Reply to Warden Eishen's Response. (Doc. 12.) In his Reply, Mr. Vanderlinden contends that "his true and correct release date" is actually March 17, 2023, and states that "[i]f the Court finds that the Petitioner's release date has been updated to 3-17-23 or 3-22-23, Petitioner agrees with Respondent that [the] Petition can then be dismissed as moot." (*Id.*)

Federal habeas corpus review under 28 U.S.C. § 2241 is generally available only to people who are in custody. Once a person is released from custody, their case becomes moot unless they can show that a writ of habeas corpus can still provide them relief. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In reviewing this case's filings, the Court observed that the BOP's projected release date of April 1, 2023, as set forth by Warden Eishen in his Response, had passed. Moreover, the BOP's inmate locator showed that Mr. Vanderlinden was released from custody on March 27, 2023. *See* BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited June 15, 2023).

Based on Mr. Vanderlinden's release, on May 8, 2023, the Court issued an Order to Show Cause requiring Petitioner to file a written notice to the Court describing why this action should not be dismissed as moot because Mr. Vanderlinden could no longer obtain the relief sought. (Doc. 15.) Mr. Vanderlinden's response was due on or before June 7, 2023. It is now June 15, and no response has been filed.

Therefore, the Court finds that, because Mr. Vanderlinden is no longer in federal custody, the relief that he seeks—proper application of his FTCs so that he is released from

custody on March 17, 2023—is no longer available. As such, the Court now recommends that this action be dismissed without prejudice as moot. *See Spencer*, 523 U.S. at 7.

## RECOMMENDATION

Based upon the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that Paul R. Vanderlinden's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE**.

DATED:  June 15, 2023              s/Douglas L. Micko
                                           DOUGLAS L. MICKO
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).